UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Delfonzo Denell Wallace,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 20-39 ADM

_____

Delfonzo Denell Wallace, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Delfonzo Denell Wallace's ("Wallace") Motion [Docket No. 55] for a sentence reduction.  For the reasons set forth below, Wallace's Motion is denied.

## II. BACKGROUND

On February 27, 2020, Wallace entered a plea of guilty to an Information charging him with eight counts of Interference of Commerce by Robbery, in violation of 18 U.S.C. § 1951. Information [Docket No. 50] ; Min. Entry [Docket No. 20]; Plea Agreement [Docket No. 22].  At the plea hearing, Wallace waived his right to indictment.  He also filed a written waiver with the Court.  Waiver [Docket No. 21].

In the Plea Agreement, Wallace admitted to robbing eight businesses between June and October 2019, while armed with a dangerous weapon that appeared to be a firearm.  Plea Agreement ¶ 2.  In each armed robbery, Wallace pointed the weapon directly at the victim-employees at close range, pressed the weapon against the victims' bodies, and threatened to shoot and kill the victims if they did not comply with his commands.  Id.  In total, Wallace

took over $20,500 in cash from the businesses.  Id.

On August 25, 2020, Wallace was sentenced to a term of 97 months on each of the eight counts, to be served concurrently.  Min. Entry [Docket No. 47]; Sentencing J. [Docket No. 49] at 2.  Wallace filed a motion [Docket No. 51] in September 2020 requesting a hard time sentence variance to account for time served in Sherburne County Jail.  The Court denied the motion because the difficulty of Wallace's jail time had been considered by the Court at the time of sentencing.  Order [Docket No. 53]; Letter [Docket No. 54].

Wallace now moves for a sentence reduction, arguing he had a difficult childhood that included being raised by an aunt who spent his social security benefit on herself instead of using it for his material needs.  Wallace also contends that he is not the same person he was when he committed his crimes.  He further argues that his attorney did not seem to be working in his best interests and did not adequately represent him during the plea and sentencing phases of his case.  Wallace asks the Court to "reevaluate [his] sentence and [his] lack of counsel."  Mot. at 3.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Wallace has not identified extraordinary and compelling reasons for a sentence reduction.

Wallace's difficult upbringing was discussed in the sentencing memorandum submitted by his counsel and in the Presentencing Investigation Report ("PSR") submitted by the U.S. Probation Office.  See Def.'s Sentencing Mem. [Docket No. 39] at 1, 8–12; PSR [Docket No. 34] ¶¶ 108–110.  The Court took Wallace's childhood circumstances into account when sentencing him.

To the extent that Wallace claims he received ineffective assistance of counsel, such a claim is properly raised in a motion under 28 U.S.C. § 2255.  United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).  Generally, a motion under 28 U.S.C. § 2255 must be filed within one year from the date on which the judgment of conviction becomes final.  See 28 U.S.C. § 2255(f).

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Delfonzo Denell Wallace's Motion [Docket No. 55] for a sentence reduction **DENIED.**

BY THE COURT:

Dated: August 10, 2021

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT