UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.                                MEMORANDUM OPINION
                                        AND ORDER
                                        Criminal No. 20-39 ADM
Delfonzo Denell Wallace,               Civil No. 22-174 ADM

        Defendant.

_____

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Delfonzo Denell Wallace, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Delfonzo Denell Wallace's ("Wallace") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 57] and Plaintiff United States of America's (the "Government") Motion to Dismiss Defendant's § 2255 Motion [Docket No. 59].[1]  For the reasons set forth below, Wallace's Motion is denied and the Government's Motion is granted.

## II. BACKGROUND

**A. Guilty Plea and Sentence**

On February 27, 2020, Wallace entered a plea of guilty to an Information charging him with eight counts of Interference of Commerce by Robbery, in violation of 18 U.S.C. § 1951. Information [Docket No. 17]; Min. Entry [Docket No. 20]; Plea Agreement [Docket No. 22].  In the Plea Agreement, Wallace admitted to robbing eight businesses between June and October

---

[1] All citations are to the criminal case docket.

2019, while armed with a dangerous weapon that appeared to be a firearm. Plea Agreement ¶ 2. In each armed robbery, Wallace pointed the weapon directly at the victim-employees at close range, pressed the weapon against the victims' bodies, and threatened to shoot and kill the victims if they did not comply with his commands. Id. In total, Wallace took over $20,500 in cash from the businesses. Id.

The U.S. Probation Office prepared a Presentence Investigation Report ("PSR") [Docket No. 34]. The PSR recommended that a 4-point sentencing enhancement be applied to Count 6 under USSG § 2B3.1(b)(4)(A) for abduction of a person to facilitate the offense. PSR [Docket No. 34] ¶ 63. Wallace's counsel filed an objection to the enhancement. Def. Obj. [Docket No. 30] at 3-5; Def. Sentencing Mem. [Docket No. 39] at 4-7. Wallace also objected to the use of the word "weapon" in the PSR and asked that it be replaced with "bb gun" or "imitation firearm." Def. Obj. at 1-2.

On August 25, 2020, the Court held an evidentiary sentencing hearing to resolve Wallace's objection and determined that the 4-point enhancement under USSG § 2B3.1(b)(4)(A) applied. Mot. Evid. Sentencing Hr'g [Docket No. 44]; Min. Entry [Docket No. 47]; Statement Reasons [Docket No. 50] ¶ 7. The Court also applied an additional 4-point enhancement to Count 6 under USSG § 2B3.1(b)(2)(D) for Wallace's use of a dangerous weapon to facilitate the offense. Id. at 1; PSR ¶ 62.

The Court then sentenced Wallace to a term of 97 months on each of the eight counts, to be served concurrently. Sentencing J. [Docket No. 49] at 2. The judgment of conviction was filed on August 27, 2020. See generally id. Wallace did not appeal his sentence and it became final on September 10, 2020, the date the 14-day appeal period expired. Fed. R. App. P. 4(b)(1)(A); Anjulo-Lopez v. United States, 541 F.3d 814, 816 (8th Cir. 2008) (finding that

defendant's conviction became final for purposes of § 2255 when defendant's time for filing an appeal had expired).

**B.  Motions filed by Wallace in 2020 and 2021**

In September 2020, Wallace filed a pro se motion requesting a hard time sentence variance to account for time served in Sherburne County Jail.  Mot. Requesting Sentence Variance [Docket No. 51].  The Court denied the motion because the difficulty of Wallace's jail time had been considered by the Court at the time of sentencing.  Order [Docket No. 53]; Letter [Docket No. 54].

In July 2021, Wallace filed a pro se motion for reconsideration and a sentence reduction, arguing that his difficult childhood included being raised by an aunt who spent his social security benefit on herself instead of using it for his material needs.  Mot. Sentence Reduction [Docket No. 55].  Wallace also argued that his attorney did not seem to be working in his best interests and did not adequately represent him during the plea and sentencing phases of his case.

On August 10, 2021, the Court denied the motion because Wallace did not identify extraordinary and compelling circumstance reasons for a sentence reduction.  Mem. Op. Order [Docket No. 56].  The Court noted that Wallace's difficult upbringing had been discussed in the sentencing memorandum submitted by his counsel and in the PSR, and the Court already had taken Wallace's childhood circumstances into account when sentencing him.  Id. at 3 (citing Def. Sentencing Mem. [Docket No. 39] at 1, 8–12; PSR ¶¶ 108–110).  The Court also stated that any claim by Wallace that he received ineffective assistance of counsel must be raised in a motion under 28 U.S.C. § 2255, and that "a motion under 28 U.S.C. § 2255 must be filed within one year from the date on which the judgment of conviction becomes final."  Id. (citing 28 U.S.C. § 2255(f)).

3

**C.  Motion under 28 U.S.C. § 2255**

On January 3, 2022, approximately 16 months after his conviction became final, Wallace placed this § 2255 Motion in the prison mailing system.  § 2255 Mot. at 13.  It was received and filed by the District Court Clerk on January 24, 2022.  Envelope [Docket No. 57, Attach. 1].

In the § 2255 Motion, Wallace claims he received ineffective assistance of counsel because his attorney did not challenge the 4-point sentencing enhancement under USSG § 2B3.1(b)(4)(A) for abduction of a person to facilitate the offense.  § 2255 Mot. at 5.  Wallace also argues that his counsel was ineffective for not challenging a 4-point enhancement for use of a "dangerous weapon" under USSG § 2B3.1(b)(2)(D).  Wallace argues that he used a "replica" weapon, and that "a replica weapon does not fit the definition of a dangerous weapon for enhancement purposes."  § 2255 Mot. at 5.

The Government has filed a motion to dismiss Wallace's § 2255 Motion, arguing it is barred by the 1-year statute of limitations in 28 U.S.C. § 2255(f).  Wallace did not file a response to the Government's Motion.

### III.  DISCUSSION

**A.  Section 2255 Standard**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).

**B. Timeliness**

Section 2255 includes a one-year statute of limitations provision that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Wallace does not contend that any of the events in subsections (2) through (4) apply to his case. Therefore, he was required to file his § 2255 Motion within one year from the date his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Because Wallace's Judgment became final on September 10, 2020, the deadline for Wallace to file a § 2255 motion expired on September 10, 2021. Wallace did not file his § 2255 Motion until January 3, 2022, nearly four months after the one-year filing deadline expired. Accordingly, his § 2255 Motion is untimely unless equitable tolling applies.

Equitable tolling will apply to § 2255 motions only where "extraordinary circumstances beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (internal quotation marks omitted). To invoke the doctrine of equitable tolling, a prisoner must show: "(1) that he has been pursuing his rights diligently, and (2) that

5

some extraordinary circumstances stood in his way." Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Wallace states in his § 2255 Motion that his facility is "currently" locked down due to the COVID-19 pandemic, and that has "limited access to resources needed to get the [§ 2255] motion prepared timely." § 2255 Mot. at 12. He also contends that the facility has placed "limitations on access to law library and accesses [sic] information." Id.

Wallace is not entitled to equitable tolling because he has not shown that he has been pursuing his rights diligently. Wallace does not claim that he lacked access to writing equipment, or that he was prohibited from contacting the Court while in lockdown. See Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (holding equitable tolling did not apply for a prisoner who was denied access to his personal and legal materials and to the prison law library, because the prisoner had access to paper and "writing implements" and did not claim he was prohibited from contacting the court). Indeed, Wallace was able to file two motions regarding his sentence before filing his tardy § 2255 Motion. In denying the second of those motions, the Court reminded Wallace of the one-year statute for timely filing a § 2255 Motion.

Although Wallace claims that he had limited access to the prison's law library during the COVID-19 lockdown, the Eighth Circuit has repeatedly held that equitable tolling is not proper where an unrepresented prisoner claims lack of legal resources. See id. (finding lack of access to law library did not warrant equitable tolling); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Consistent with this precedent, several

6

courts have found that lockdown measures imposed during COVID-19 do not automatically justify equitable tolling, particularly where a defendant does not demonstrate he has been diligently exercising his rights. United States v. Spencer, No. 14-cr-322, 2021 WL 5644347, at *7 (D. Minn. Dec. 1, 2021); Reed v. United States, No. 1:21-cv-119, 2021 WL 5196489, at *2–3 (E.D. Mo. Nov. 9, 2021); United States v. Iyamu, No. 18-cr-87, 2021 WL 2156456, at *3 (D. Minn. May 27, 2021); United States v. Haro, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020).

Because Wallace has failed to show circumstances warranting the "exceedingly narrow window of relief" for equitable tolling, his § 2255 Motion is time-barred. Jihad, 267 F.3d at 805.

**C. Additional Bases for Denying § 2255 Motion**

Even if Wallace's § 2255 Motion had been timely, it would still fail to state a claim for relief. Wallace argues that his attorney was ineffective for not challenging the 4-point enhancement under USSG § 2B3.1(b)(4)(A) for abduction of a person to facilitate the offense. However, the record clearly shows that Wallace's counsel did challenge the enhancement. Counsel cannot be ineffective for doing what Wallace claims he did not do.

Wallace also claims that his attorney was ineffective for failing to challenge the "dangerous weapon" enhancement in USSG § 2B3.1(b)(2)(D) on the basis that "a replica weapon does not fit the definition of a dangerous weapon for enhancement purposes." § 2255 Mot. at 5. Any such argument would have been futile because the sentencing guidelines define a "dangerous weapon" to include "an object that is not an instrument capable of inflicting death or serious bodily injury but . . . closely resembles such an instrument," or an object that was used by the defendant "in a manner that created the impression that the object was such an instrument

(e.g. a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun)." U.S.S.G. 1B1.1, cmt. n.1(E).  The guidelines also state that a "BB gun or pellet gun" is a "dangerous weapon."  Id. cmt. n.1(H).  Because the argument was futile, counsel was not ineffective for failing to raise it.  See Garrett v. United States, 78 F.3d 1296, 1303 n.11 (8th Cir. 1996) (finding no ineffective assistance for counsel's failure "to perform acts which clearly appear to be futile or fruitless").

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised by this § 2255 Motion differently, or that any of the issues raised by Wallace's § 2255 Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Delfonzo Denell Wallace's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 57] is **DENIED**; and

2. Plaintiff United States of America's Motion to Dismiss Defendant's § 2255 Motion [Docket No. 59] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: May 25, 2022